# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CR-0195-CVE |
| ROBERT W. SEARLES, ) | |
| JOSEPH LYNN THORNBURGH, ) | |
| WAYNE LESLIE DAVIDSON, and ) | |
| STEVEN FISHMAN, ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is the Opposed Motion of Plaintiff United States of America to Reset Schedule and Brief in Support (Dkt. # 27). The government asks the Court to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. ("the Act"), and extend all deadlines in the scheduling order by four months. Defendants do not oppose the government's motion.[1]

On September 15, 2008, the Court held a hearing on the government's motion, and it was apparent that this is a complex prosecution. This case concerns an alleged conspiracy to defraud investors on an international level. Defendants allegedly sold historical railroad bonds to investors around the world and represented that the bonds were backed by the United States. However, the bonds were fraudulent and defendants allegedly stole millions of dollars through this scheme. Albert Chapa, a United States Postal Inspector, testified about his involvement with the investigation and the volume of evidence obtained by the government. Federal investigators learned of defendants'

---

[1] Defendant Wayne Leslie Davidson is still a fugitive and has not made his initial appearance.

activities in 2003 and began an investigation that eventually involved 14 federal agencies, the Serious Fraud Office of New Zealand, the Serious Fraud Office of England, and the Hong Kong Police Department. Chapa testified that the government had accumulated approximately 74,000 pages of documents plus additional information stored in electronic form. Chapa could not clarify how many of the documents concerned each defendant or if defense counsel would need to review the full body of evidence to prepare a defense for each defendant. At the time of the hearing, defense counsel had not been given an opportunity to review the government's evidence and could not advise the Court whether the government's proposed four-month extension of time would be excessive or insufficient. The government agreed to allow defense counsel to review the evidence before the Court ruled on this motion and the Court ordered defense counsel to submit a joint status report by September 25, 2008.[2] The Court also asked Magistrate Judge Frank H. McCarthy to meet with defense counsel about a discovery plan and a proposed budget for attorneys appointed pursuant to the Criminal Justice Act.

Defense counsel submitted a status report (Dkt. # 51) on October 1, 2008. They have visited the government's "war room" three times to begin a preliminary overview of the evidence.[3] Defense counsel state that the discovery materials include approximately 100,000 pages of documents and other evidence, such as video tapes, audio tapes, computer hard drives, and digital media. Dkt. # 51, at 2. Defense counsel met with Magistrate Judge McCarthy on September 30, 2008 and,

---

[2]  This deadline was subsequently extended to October 1, 2008.

[3]  The Court did not appoint Stephen Greubel to represent defendant Joseph Lynn Thornburgh until September 30, 2008, because Thornburgh was previously represented by a retained attorney who has withdrawn from his representation of defendant. However, Gruebel has preliminarily reviewed the government's evidence and concurs with the status report filed jointly by defense counsel.

according to defense counsel, he "informed defense counsel that Defendants have made a *prima facie* showing that a period of one hundred twenty (120) days is a reasonable period of time to allow defense counsel to review the extensive discovery materials . . . and file pretrial motions . . . ." Id. at 1-2. Defendants also note that many of the witnesses and financial institutions with relevant evidence are located outside of Oklahoma and several key witnesses reside in New Zealand, and this will make it more difficult to prepare for trial.

The Act requires that a federal criminal trial begin at least 30 days but not more than 70 days from the date the indictment is filed and made public or a defendant appears before a judicial officer. 18 U.S.C. § 3161(c)(1). "The Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public's interest in ensuring prompt criminal prosecutions." United States v. Williams, 511 F.3d 1044, 1047 (citing Zedner v. United States, 547 U.S. 489 (2006)). The Act permits a court to exclude certain periods of time from the speedy trial clock and excludable time does not count towards the 70 day time limit. See 18 U.S.C. § 3161(h); United States v. Apperson, 441 F.3d 1162, 1178 (10th Cir. 2006).

In this case, the government asks the Court to designate this as a complex case under § 3161(h)(8), because it would be unreasonable to expect defense counsel to review the extensive discovery materials and prepare the case for trial within 70 days. Dkt. # 46, at 4-5. Section 3161(h)(8)(A) permits a court to exclude:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice

3

> served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Act provides several factors that may be relevant for an ends-of-justice continuance. In this case, the government relies on § 3161(h)(8)(B)(ii), which states that a district judge should consider:

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

Although the Act provides a trial court discretion when considering a request for an ends-of-justice continuance, such requests must not be granted "cavalierly" and it is intended to be a "rarely used tool" for particularly complex cases. Williams, 511 F.3d at 1048-49. When a district court grants an ends-of-justice continuance, it must make specific findings supporting its decision and state its findings on the record. United States v. Hill, 197 F.3d 436, 441 (10th Cir. 1999).

The Court has considered the statutory factors and Williams, and finds that the government's motion to declare this a "complex case" should be granted. This case involves an alleged conspiracy to defraud investors and financial institutions throughout the United States and several foreign countries. Many of the witnesses, and much of the government's investigation, concerned investors located in New Zealand who were allegedly harmed by defendants' conduct, and this poses an obstacle for defendants when interviewing and obtaining trial testimony from these witnesses. The substantial volume of discovery supports plaintiff's argument that this case is unusually complex and it will require more than the 70 days provided by the Act for the parties to prepare for trial. It would not be reasonable to expect defense counsel to review over 74,000 pages of documents and other evidence in electronic form, prepare pretrial motions, and adequately represent their client at trial in less than 70 days. Failure to treat this case as a complex case would deny counsel for all

parties adequate time to prepare, and this consideration outweighs defendants' interest in a speedy trial. In addition to the interests of the parties, the Court must also consider whether the ends of justice served by extending the 70 day time limit also outweigh the public's interest in a speedy trial. Zedner, 547 U.S. at 498-99; Williams, 511 F.3d at 1048. While a speedy resolution of criminal cases serves the public interest, it does not benefit the public if a complex criminal case is rushed and a miscarriage of justice results. Given the complex nature of these proceedings, the ends of justice served by treating this as a complex case outweigh the public's interest in a speedy trial.[4] The Court will treat this matter as a complex case and set this case on its February 2009 trial docket.

**IT IS THEREFORE ORDERED** that the Opposed Motion of Plaintiff United States of America to Reset Schedule and Brief in Support (Dkt. # 27) is **granted**.

**IT IS FURTHER ORDERED** that following scheduling order for this complex case is hereby entered:

| | |
|---|---|
| Motions due: | December 30, 2008 |
| Responses due: | January 13, 2009 |
| PT/CP/Motions Hearing: | **January 27, 2009 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | February 9, 2009 |
| Jury Trial: | **February 17, 2009 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time between October 20, 2008 and February 17, 2009 is excludable pursuant to 18 U.S.C. § 3161(h)(8).

**DATED** this 2nd day of October, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Court notes that its decision to grant plaintiff's motion is not based on the general congestion of the court's calendar or lack of diligent preparation by counsel. See 18 U.S.C. § 3161(h)(8)(C).