IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

ROBERT W. SEARLES,
JOSEPH LYNN THORNBURGH,
WAYNE LESLIE DAVIDSON, and
STEVEN FISHMAN,

          Defendant.

Case No. 07-CR-195-CVE

## OPINION AND ORDER

The following motions have been referred to the undersigned United States Magistrate Judge for disposition: Joint Motion for Discovery of Brady and Giglio Material [Dkt. 86]; Joint Motion for Discovery Pursuant to Fed.R.Evid. 404(b) for Notice of Evidence of Other Crimes, Wrongs, or Acts the Government Intends to Use at Trial, [Dkt. 87]; Joint Motion to Compel Pretrial Disclosure of Government's Witness List and Identification of Government's Trial Exhibits, [Dkt. 94], and Joint Motion Requesting Leave of Court to Perpetuate the Testimony of John J. Clancy [Dkt. 95]. A hearing on these motions was held on January 14, 2009. The supplemental briefing ordered by the Court regarding the proposed deposition of John J. Clancy has been filed. The motions are ripe for decision.

**Joint Motion for Discovery of Brady and Giglio Material [Dkt. 86]**

Defendants move for discovery of exculpatory and impeachment information under the Supreme Court decisions *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Defendants state that the primary dispute with the government concerns the timing and scope of such disclosures. Defendants argue it is not appropriate for the government to broadly refer to the massive document production in this

case in satisfaction of its obligations.  The government responds that it is mindful of its responsibilities and represents that it has identified all responsive information in its possession and that it will continue to do so as further information comes to light.

In light of the government's acknowledgment of its obligations and its representation that it will fulfill those obligations, the Court finds that no order is warranted.  Therefore, the Joint Motion for Discovery of Brady and Giglio Material [Dkt. 86] is DENIED.

### JOINT MOTION PURSUANT TO FED.R.EVID. 404(b) FOR NOTICE OF EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS THE GOVERNMENT INTENDS TO USE AT TRIAL [Dkt. 87]

Although the government represents it is mindful of its responsibilities under Rule 404(b), the Court finds that it is appropriate to set a date for the government to provide notice of evidence it intends to use at trial of other crimes, wrongs, or acts admissible under Fed.R.Evid. 404(b).  Therefore, the government is hereby ordered to give notice of the general nature of any such evidence it intends to introduce at trial by May 8, 2009.  Defendants' motion, [Dkt. 87], is GRANTED.

### JOINT MOTION TO COMPEL PRE-TRIAL DISCLOSURE OF GOVERNMENT'S WITNESS LIST AND IDENTIFICATION OF GOVERNMENT'S TRIAL EXHIBITS [Dkt. 94]

Defendants seek an order requiring the government to disclose a list of the witnesses it intends to call at trial and to identify the documents it intends to introduce as exhibits.  Defendants acknowledge that they have no right to such disclosure and that the matter is one of Court discretion.  They argue, however, that the Court should exercise its discretion in favor of such disclosure because this is a complex proceeding which includes

a large volume of documents, a five year time frame, and numerous allegedly defrauded investors who are potential witnesses.

The government argues that the pre-trial disclosure sought by Defendants is not warranted because this is not a case in which the possible witnesses and exhibits are unknown to Defendants as the indictment provides a great deal of information that serves as a guide to the testimony that will be elicited by the government at trial.  Further, the memoranda of interviews created by the investigating agents were turned over to Defendants in September 2008 and as further interviews are conducted any memoranda of those interviews will be produced to the Defendants.  The government represents it is wiling to confer with defense counsel about witness arrangements for appearance at trial as the trial date nears.  [Dkt. 107, pp.5-6].  At the hearing the government represented that Defendants have been advised of the universe of potential witnesses and have been provided the universe of potential exhibits.  As additional witnesses and documents are identified, the government represents they will be promptly provided to Defendants.

The Court is not persuaded that this is a case where it is necessary to a fair trial to require the government to provide a list of witnesses it expects to call or a list of exhibits expected to be introduced at trial.  Well in advance of trial, the Defendants have been provided the universe of potential witnesses, memoranda of interviews for those witnesses, and all the potential exhibits.  The case authorities relied on by Defendants were decided on the basis of the particular facts presented in those cases and contain circumstances not present in this case.  Defendants' Motion to Compel Pre-trial Disclosure of Government's Witness List and Identification of Government's Trial Exhibits [Dkt. 94] is DENIED.

### JOINT MOTION REQUESTING LEAVE OF COURT TO
### PERPETUATE THE TESTIMONY OF JOHN J. CLANCY [Dkt. 95]

Defendants seek leave of Court to take the deposition of John J. Clancy in Boston Massachusetts because of the witness's "questionable health and memory problems." The United States "concurs with the defendants' motion." [Dkt. 109].

At the hearing the Court questioned whether the Defendants had established a sufficient factual basis to support a finding that the deposition satisfied the "exceptional circumstances and in the interest fo justice" requirement of Rule 15(a)(1). In particular, the Court was concerned about the lack of specific information about the witness's questionable health and memory problems. Therefore the Court gave Defendants additional time to supplement the motion.

Defendants' supplements [Dkt. 128, 135] request that the Court take the motion under advisement pending service of a trial subpoena on the witness. The Court finds the better course is to deny Defendants' motion [Dkt. 95] without prejudice to being re-filed upon a showing of good cause. Counsel are advised that they must act promptly to serve the witness with a trial subpoena, or take whatever steps are appropriate to secure his appearance at trial, or pursue a deposition. Failure of the Defendants to diligently pursue this matter will waive the Defendants' interests in the testimony of Mr. Clancy.

### CONCLUSION

The Joint Motion for Discovery of Brady and Giglio Material [Dkt. 86] is DENIED; the Joint Motion Pursuant to Fed.R.Evid. 404(b) for Notice of Evidence of Other Crimes, Wrongs, or Acts the Government Intends to Use at Trial [Dkt. 87] is GRANTED, the government is required to give such notice by May 8, 2009; the Joint Motion to Compel

Pre-trial Disclosure of Government's Witness List and Identification of Government's Trial Exhibits [Dkt. 94] is DENIED; and the Joint Motion Requesting Leave of Court to Perpetuate the Testimony of John J. Clancy [Dkt. 95] is DENIED.

SO ORDERED this 25th day of March, 2009.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE